

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N W*
*Washington, D C  20530*

February 19, 2008

**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

Carlos Vanegas, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

    Re:    United States v. Anita Bealle, Cr. No. 07-333 (HHK)

Dear Mr. Vanegas:

    This letter confirms the agreement between your client, Anita Bealle, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have her execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

    1.    Your client, Anita Bealle, agrees to admit guilt and enter a plea of guilty to the charge contained in count two of the indictment, Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. Section 856(a)(2). Your client understands that pursuant to 21 U.S.C. Section 856(b), the charge carries a maximum term of imprisonment of not more than 20 years, a fine not exceeding $500,000, and a term of supervised release of not more than three years. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that she will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines"), which will apply to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3572 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal Government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that if she has two or more convictions for a crime of violence or felony drug offense, she may be subject to the substantially higher penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

    2.    Your client agrees and will acknowledge at the time of the plea of guilty to the

criminal charge stated above that pursuant to Section 1B1.3 of the Sentencing Guidelines, she is accountable for drug amounts as follows: at least 20 grams but less than 35 grams of cocaine base, which quantity represents the total amount involved in your client's relevant conduct, including amounts your client distributed or possessed with intent to distribute, and amounts distributed or possessed with intent to distribute by co-conspirators of your client pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of your client's conspiratorial agreement.

3. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this plea agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice; failure to appear for a court proceeding; criminal conduct while pending sentencing; and making false statements to law enforcement agents, the probation officer, or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to her by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.

5. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

6. The Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. Your client understands and agrees that she will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed.

Such a motion to withdraw shall constitute a breach of this agreement.

8.  The Government agrees that it will dismiss count one of the indictment at your client's sentencing hearing. The Government also agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels, pursuant to Section 3E1.1 of the Sentencing Guidelines, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office, or the Government concerning any issue relevant to the imposition of sentence. If your client satisfies all of the requirements necessary for "safety valve" consideration under 18 U.S.C. Section 3553(f), she may receive further reductions in accordance with that provision. Your client agrees not to seek any decreases in her base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by this Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which is a party to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw her plea of guilty in this case.

9.  This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

10. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury, or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

11.	There are no other agreements, promises, understandings, or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open court or made in a writing signed by all of the parties.

                Sincerely yours,

                Jeffrey A. Taylor
                United States Attorney

                Gregory G. Marshall
                Assistant United States Attorney

Defendant's Acceptance

I have read this plea agreement and have discussed it with my attorney, Carlos Vanegas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to fully understand this agreement. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_Feb. 27/08_
Date

_Anita Bealle_
Anita Bealle
Defendant

Attorney's Acknowledgment

I have read each of the pages constituting this plea agreement, have reviewed them with my client, and have fully discussed the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement.

_2/27/08_
Date

_Carlos Vanegas_
Carlos Vanegas, Esquire
Attorney for the Defendant