**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal Case No. 07-333 (HHK)** |
| v. | : | |
| | : | |
| **ANITA BEALLE,** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in aid of sentencing in the above-referenced case. For the reasons that follow, and any other reasons that may be cited at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant at the low end of the applicable United States Sentencing Guidelines range.

On December 4, 2007, a grand jury returned a two-count indictment charging the defendant with unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (count one), and unlawful maintenance of a premises to manufacture, distribute, store, and use a controlled substance, in violation of 21 U.S.C. § 856(a)(2) (count two). On February 29, 2008, the defendant pleaded guilty to count two of the indictment.

At the plea hearing, the defendant agreed – both in writing and orally, under oath – with the government's proffer of evidence in support of her guilty plea. The written factual proffer was as follows:

> For approximately four years preceding November 2, 2007, the defendant, Anita Bealle, leased and lived in [an apartment] in Northwest Washington, D.C. Sometime in 2007, however, the defendant began knowingly and intentionally permitting others to sell illegal narcotics from [her apartment].

> On November 1, 2007, an informant working for the Metropolitan Police Department ("MPD") bought $20 worth of cocaine base from a male who was inside of

[the defendant's apartment].  The defendant had knowingly and intentionally permitted that male to sell narcotics from her apartment.

On November 2, 2007, MPD members executed a search warrant at [the defendant's apartment], and recovered, among other things, the following items from the residence: a clear ziplock bag containing 26.5 grams of cocaine base (this item was in plain view on a chair in a bedroom, located next to a scale); approximately 24 grams of cocaine (which was found in a container in the same bedroom); and drug paraphernalia, including the scale, a razor blade, empty ziplock bags, and plastic gloves. The defendant knowingly and intentionally permitted these narcotics and drug paraphernalia to be stored in her apartment, and knew that the cocaine base and cocaine were going to be distributed either from her apartment or elsewhere.

Proffer of Evidence (Document 9) ¶¶ 1-3; Presentence Investigation Report ("PSR") ¶¶ 6-8.

The government agrees that the defendant's range under the Sentencing Guidelines, based on a total offense level of 17 and a criminal history category of I, is 24 to 30 months of imprisonment.  PSR ¶¶ 13-25, 45.  "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial [sentencing] benchmark."  Gall v. United States, 128 S. Ct. 586, 596 (2007); see also id. n.6 ("The fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").  The government submits that a sentence at the low end of the guideline range would be just and reasonable under the circumstances of this case.

The government appreciates the defendant's early acceptance of responsibility and lack of prior criminal history.  Nonetheless, it cannot be disputed that the defendant's offense is a serious one.  See, e.g., United States v. Angelos, 433 F.3d 738, 751 (10th Cir. 2006) ("In Harmelin [v. Michigan, 501 U.S. 957, 1002 (1991)], the Supreme Court emphasized the seriousness of drug trafficking crimes, noting that the 'possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare of our population.'") (internal quotation marks and brackets omitted).

In addition, the government is troubled by the defendant's participation in the world of drug dealing in her late forties.  Cf. United States v. Reed, 522 F.3d 354, 364 (D.C. Cir. 2008) (it was "a legitimate sentencing concern" for sentencing court that "because [the defendant] committed armed bank robbery when he was almost 40 – an age at which criminal behavior is expected to have waned – recidivism was likely and therefore a significant prison sentence was necessary to protect the public").  At bottom, the government believes that a sentence at the low end of the guideline range would best serve to: perpetuate sentence consistency, reflect the seriousness of the defendant's crime, deter the defendant from engaging in like conduct in the future (and thus would be protective of the public), promote respect for the law, and provide just punishment.  Consequently, when balancing the factors set forth in 18 U.S.C. § 3553(a), the government believes that a low-end Guidelines sentence is fair and just under the circumstances of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to, inter alia, 24 months of imprisonment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

/s/

By:    _____
Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
555 Fourth Street, N.W., Room 4126
Washington, DC 20530
office: 353-7557; facsimile: 514-8707
gregory.marshall@usdoj.gov